HIRAM CROSBY *vs.* THE NEW LONDON, WILLIMANTIC AND PALMER RAILROAD COMPANY.

A bond issued by a railroad company for the payment of $1,000 at a future day, acknowledged an indebtedness in that amount for money borrowed, to certain trustees named, payable to bearer, with semi-annual interest thereon payable at the office of the company on delivery of certain interest warrants annexed.   An interest warrant annexed was as follows : " Interest warrant, for $30, being half yearly interest on bond No. 30, of the N. L., W. & P. R. R. Co., payable on the 1st day of February, 1856. J. D. Treasurer." A holder of the bond and warrant having presented the latter when due at the time and place of payment, brought an action of debt on a general indebitatus count for the recovery of the interest represented by the warrant.   Held,

1. That the warrant did not import a promise, but was a mere acknowledgment of indebtedness for interest on the bond itself, and therefore could not be made the ground of an action.
2. That if the plaintiff relied upon the bond itself, on which alone his right to the interest was founded, he should have declared specially upon it.
3. That the omission to do so was not a mere defect of form, of which advantage could be taken only by special demurrer, but was a fatal variance, inasmuch as the declaration as it stood, imported only a parol promise.

DEBT, on a general indebitatus count, brought to recover the amount due on six interest warrants, originally annexed to certain bonds issued by the defendants.

The interest warrants were of the following tenor, being all alike except as to the number of the bonds referred to therein.

VOL. XXVI.            16

" Interest warrant.   Mortgage and Convertible Bond.   For thirty dollars, being half yearly interest on bond No. 30, of the New London, Willimantic and Palmer Railroad Corporation, payable on the first day of February, 1856.

$30.                              John Dickinson, Treasurer."

The material part of the bonds to which the interest warrants were originally attached, was as follows :—

" The New London, Willimantic and Palmer Railroad Corporation, hereby acknowledge that they are indebted in the sum of $1,000 for money borrowed, to Jonathan Starr, Charles P. Williams and Thomas Backus, trustees ; to be paid to ———— or bearer on the 1st day of August, A. D. 1857, with interest thereon at the rate of six per cent. per annum payable half yearly, on the first day of February and the first day of August in each year, at the office of said company in New London, on delivery of the annexed warrant therefor." The bonds were dated July 20, 1850, and were executed, under the seal of the company, by the president and treasurer thereof.   The interest warrants in question had been detached from the bonds for the purpose of presenting them for payment.

The case was tried on the general issue closed to the court, at the term of the superior court holden in the county of New London in November, 1856.

The court found that the plaintiff was the owner of the bonds and warrants when the interest fell due, and so continued, and that the warrants were presented to the defendants for payment at the time and place where payable, and that payment was refused by the defendants, and had not since been made ; also, that the bonds were lawfully issued by the defendants for a loan of money, and were obligatory on them, and that the interest warrants were for the accruing interest thereon, and for the forbearance of said loan ; and reserved for the advice of this court, the question whether the plaintiff was entitled to recover in this form of action on the facts found.

The case having been decided in this court wholly upon the point here stated, other questions reserved for advice are not noticed.

*Wattles* and *Crosby*, for the plaintiff.

1. Debt lies in all cases where there is a money demand, if the demand be for a sum certain, or capable of being reduced to a certainty.

2. The demand in the case at bar, is for a sum certain. And the defendants know precisely how much they are to pay and when they are to pay it.

3. That the sum certain is interest due to the plaintiff, makes no difference in respect of the plaintiff's remedy, for debt lies for the interest due on the loan or forbearance of money, and it is not necessary to allege a special contract. It is well settled that for rent due by deed, debt may be brought on the general count without declaring specially on the deed. *Herries* v. *Jamieson*, 5 T. R., 553. *Mounsen* v. *Redshaw*, 1 Saund., 201 *a*, note. 1 Arch., N. P., 296, note. Chitty on Bills, 667, note *s*, id., 680, note *t*. 1 Chit. Pl., 9th Am. Ed., 109, note 5. *Tilson* v. *Warwick Gas Light Co.*, 4 B. & C., 962. 2 Stephens Nisi Prius, 1177. *Bullard* v. *Bell*, 1 Mason, 243. *Mayor, &c. of New York* v. *Butler*, 1 Barb., 325. *Newby* v. *Forsyth*, 3 Gratt., 308. 1 Chitt. Pl., 9th Am. Ed., 356.

4. The action of indebitatus debt, for interest upon and for the forbearance of money loaned is a proper remedy ; and the form of declaration for interest in the present case is one in general use. 2 Saund. Pl. & Ev., 605. 2 Chitt. Pl., 88. Greening's Forms, 18, note *b*. *Smith* v. *Hartley*, 5 E. L. & E. R., 383.

5. The declaration shows for what the defendants are indebted. The nature of the indebtedness is sufficiently alleged, although it is set forth in general words. More than this is not required. *Brooks* v. *Holland*, 21 Conn., 392.

6. And finally, this very question, as to whether interest could be recovered on a general indebitatus count, arose in *Brooks* v. *Holland*, Supra. It was conceded by counsel in the argument that it could be so recovered, and the court inclined to that view of the case. See opinion of Storrs, J., id., p. 392. But as it was not essential to the issue in that case, the question was left undecided.

7. If the plaintiff ought to have declared specially on the bonds, which we deny, yet his omission to do so is a mere defect of form, which can not be taken advantage of on the general issue. A substantial cause of action is set forth in the declaration, and no merely formal objection can now be made.

*Lippitt*, for the defendants.

1. The interest warrants do not contain the elements of a contract, and can not be made the ground of an action. They merely show that there is interest due on certain bonds. It does not appear from them that the plaintiff has any interest in them or in the bonds to which they refer, and the declaration which is general, contains no allegation of such an interest in the bonds. They are mere certificates, in the hands of the holder, that interest is due on the bonds, and in the hands of the company are mere vouchers of the payment of the interest. They are part and parcel of the bonds and contain no distinct promise. *Rose* v. *City of Bridgeport*, 17 Conn., 243. *City of Bridgeport* v. *Housatonic R. R. Co.*, 15 id., 475, 488. *Brooks* v. *Welland*, 21 id., 388. *Hendricks* v. *Seeley*, 6 id., 176.

2. The bonds being subsisting contracts, the action should have founded on them and they should have been specially declared on. " Where there is an express contract, open and unrescinded, the remedy of the party is on that alone ; he can not resort to the implied contract." *Shepard* v. *Palmer*, 6 Conn., 95. See also *Russell* v. *South Britain Society*, 9 id., 508. " Where the action is founded on a deed, it must be declared on except in the instance of debt for rent." 1 Chit. Pl., 114. (10th Am. Ed.,) and cases there cited. See also 2 Saund. Pl. & Ev., 648. This exception of debt for rent is the only exception, and is placed by the books on peculiar ground. The interest on the bonds can be due only by the express agreement which they contain, and no agreement to pay it can be implied. Actions for the recovery of interest on notes, where the notes themselves are not due, are always brought on the notes. *Greenleaf* v.

*Kellogg,* 2 Mass., 568. *Cooley* v. *Rose,* 3 id., 221. *Herrics* v. *Jamieson,* 5 T. R., 553.

3. The omission to declare specially on the bonds, is not a mere defect of form, but constitutes a fatal variance between the ground of action as alleged and the ground of action as proved.

STORRS, C. J. If the other objections to the plaintiff's recovery are untenable, we are of the opinion that the defendants are entitled to judgment, on the ground that the plaintiff's claim to interest arises solely on the bond executed by the defendants, and that that instrument does not support the declaration in this case.

That this bond would be the foundation of the plaintiff's claim, independently of the interest-warrants which were attached to it, would admit of no question. Here the plaintiff attempts to support the declaration by those warrants. But, in order to do this, it is necessary that they should be instruments of such a character that they would, of themselves, support an action. We are by no means prepared to say, that if these warrants were executed collaterally to the bond, and imported a promise to pay the interest at the times it accrued, they would not themselves sustain an action brought specially upon them, or be evidence under a general indebitatus count in an action of debt. But this is not their character, nor is such their import or design. No promise is expressed in them, nor, when they are considered, as they should be, in connection with the bond, can any be properly implied. The bond acknowledges a certain indebtedness, payable at a certain time, "with interest thereon, at the rate of six per cent. per annum, payable half yearly, on the first day of February and the first day of August in each year at the office of [the defendants] in New London, on delivery of the annexed warrant therefor." A separate warrant, similar in its form to those produced on the trial, for the amount of each of the installments of interest which would, by the terms of the bond, accrue on it, and designating the time when it would be payable, was annexed

to the bond, which styles itself an "interest warrant" on a "mortgage and convertible bond," for thirty dollars, which it states to be half yearly interest on a bond, of which the number is given, of the New London, Willimantic and Palmer railroad corporation, on a particular day named, and is signed by the treasurer of said corporation. From the form of these instruments, and the provision in the bond requiring that they shall be delivered to the defendants when the interest is paid, we think that it is plain, that they were not intended to be an additional or collateral promise or security for the payment of such interest, but that they were devised only as a convenient and safe voucher of a particular form, furnishing evidence of its payment, while perhaps they may also have been designed for the convenience of the holder of the bond, to supersede the necessity or trouble of presenting the bond itself when the interest on it should fall due.

Hence no action can be sustained on them as instruments or promises. Considered as admissions, it will be seen that they imply no indebtedness generally, but only an acknowledgement of a liability on the bond, and it is quite clear that an admission of such a liability or indebtedness lays a foundation for no action except on that instrument. The plaintiff's cause of action being founded on the bond, it was plainly necessary for him to declare on it. It is a principle too familiar to require authorities, that when a cause of action is founded immediately upon any stipulation in a deed, the deed must be pleaded, that is, described or set out in the declaration. The only exception to be found to this rule, if indeed there be any, is the case cited by the plaintiff, of debt for rent reserved upon a lease by deed, where it is said the deed need not be declared on; but that rests on a peculiar ground which has no application to the present case. *Atty* v. *Parish*, 4 Bos. & P., 109.

The only plausible ground on which it can be claimed that the plaintiff is entitled to recover in this case, is, that although the rules of pleading require that a deed, where the cause of action is founded on it, should be stated in the dec-

Crosby *v.* New London &c. Railroad Company.

laration, an omission to do so is only a defect of form for want of particularity, of which advantage can not be taken on the trial under the general issue; that the allegation of the indebtedness of the defendants, although it is made in a general form and does not state the particular manner in which it arose, is nevertheless true, and that it is proved by the production of the deed on which it is founded. This precise question was involved and decided in the case of *Atty* v. *Parish*, just referred to, where the declaration was in debt, and alleged in the most general form like the present, that the defendant was indebted to the plaintiffs in a certain sum of money, for the carriage of divers goods, conveyed in divers ships, from and to divers places, for the use and hire of divers ships, from and to divers places, and for the demurrage of divers other ships employed by the defendant's testator. The plea was *nil debent*, and on the trial the plaintiffs, after proving the carriage of the goods of the defendant's testator and the detention of the plaintiff's ships, gave in evidence a charter party under seal, entered into between them and the defendant's testator, to ascertain the amount agreed upon for freight and demurrage; whereupon it was objected that the plaintiffs had not declared upon the charter party, and it was decided that a non-suit should be entered on the ground that the declaration was not supported by the charter party. The plaintiffs' counsel admitted on the argument, that in the case of a bond the declaration must state the bond, but endeavored to distinguish that from the case at bar, and urged that in the latter the issue was, whether the defendant's testator was indebted or not, and that the plaintiffs supported the affirmative of that issue by the deed; but Chambre, J., interposed the remark, that the declaration imported nothing more than a parol agreement, and the issue was, whether the defendants were indebted in the manner therein alleged. This remark, in our opinion, embodies the true answer to the argument, and indicates the ground upon which the decision in that case obviously proceeded, although it is not stated in those terms by Ch. J. Mansfield in giving the opinion of the court.

The difficulty is, that the indebtedness described in such a general count is different in its character from that evidenced by deed. As stated by Judge Gould in his treatise on pleading, (Ch. IV. sect. 44, n.,) the reason why, in an action founded on a deed, the deed must be pleaded, is, that the deed itself necessarily enters into the description of any stipulation contained in it. Therefore an obligation by deed is not truly described if it is not stated to have been made by deed. Hence, as a general indebitatus count in debt states no deed, it imports only an agreement by simple contract. Accordingly Mr. Stephen, in his work on pleading (p. 43,) prescribes that as a precedent for a count in debt on simple contract, after having given one in debt on a bond in the usual form declaring on the deed. This is the light in which such a general count has always been considered.

We therefore advise judgment for the defendants.

In this opinion the other judges concurred.

Judgment for defendants advised.